**In re MONA SHOPS, Inc.**

United States District Court
S. D. New York.

July 23, 1952.

Charles Gottlieb, petitioner, pro se.

Lawrence C. Gibbs, New York City, for Mona Shops, Inc.

WEINFELD, District Judge.

Upon a careful review of the entire record, including the transcript of the testimony, I have concluded that there is no basis for setting aside the findings of the Referee and the order entered thereon since they are not "clearly erroneous". General Order 47, 11 U.S.C.A. following section 53.

The order attacked granted the debtor's motion to review an agreement for the payment of fees by the debtor to respondent, its attorney, in the proceeding and required him to make application to the Court to fix and pass upon his fees. The debtor, three or four days prior to the filing of its petition for arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 722, retained respondent and agreed to pay him a fee of $3,000: payable $1,000 before the filing of the petition, which was paid, $1,000 within thirty days after confirmation and $1,000 one year after confirmation.

As stated by the Referee "The matter involves the right to disaffirm an executory contract and the duty to advise of that right".[1] Respondent frankly acknowledges that he never told the officers of the debtor that the retainer was an executory contract which could be adopted or rejected. His explanation and justification, at the hearing, is summarized in his brief as follows:

"Had this matter of rejection of the retainer crossed my mind, I would have explicitly explained to them the applicability of the rejection rule to my retainer agreement * * *. If they had then stated that they would reject the contract I simply would not have proceeded * * *. I did not explain the applicability of the rejection rule because plainly they would not have rejected at that moment." While the probability is, as the attorney contends, that his client at that stage of the proceeding would not have disavowed the contract, the debtor was entitled to be advised of its rights to reject or affirm, and correspondingly to make the decision. Whether it would have rejected or affirmed the agreement is immaterial.

I agree that there was no motive in failing to advise them with respect to the ex-

1. See Chapter XI, Section 313(1), 11 U.S.C.A. § 713(1).

ecutory nature of the contract—and it may even be acknowledged that under the circumstances it would have been ceremonial to do so—but in view of the fiduciary nature of the attorney-client relationship the fact that he failed to inform his client of its rights with respect to a contract to which he is a party, is sufficient to justify setting it aside, regardless of an absence of intent or motive to advantage himself. The Referee properly states that "Nothing in the evidence warrants anything more than respondent's failure to advise during the proceeding that his contract, though it involved services in prosecuting the proceeding, was subject to rejection." The record establishes that the terms of the retainer were fully disclosed to the Bankruptcy Court when the affidavit was filed under General Order 41; further the record does not sustain any charge of fraud, improper conduct or failure to serve and protect the client's interests. True, this may be another instance of a client, after his cause has been served, turning upon his benefactor, but we are not here concerned with such frailties.

The petition for review is denied and the order affirmed.

Settle order on notice.